UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARK ANTHONY SANDERS, JR.,     :
     Petitioner,     :
     :
     v.     :   CIVIL NO. 1:13-CV-1595
     :
DONNA ZICKEFOOSE,     :
     Respondent.     :

*O R D E R*

*THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:*

We are considering Petitioner Mark Sanders' objections to the Report and Recommendation of Magistrate Judge Schwab (Doc. 17), which recommends that we deny the petition for a writ of habeas corpus.  Since objections were filed, we must "make a *de novo* determination of those portions of the report or specific proposed finding or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

Sanders first objects to the magistrate's conclusion that he was not entitled to a re-hearing after the Regional Director remanded his administrative appeal a second time.  He claims that the purpose of the remand was so that a second hearing could be held.  We disagree.  As the magistrate judge explained, the Regional Director explicitly stated that the matter was "'being remanded for institution staff to conduct a thorough search for the disciplinary record . . . .'" (Doc. 17 at 10).  Accordingly, this objection lacks merit.

Sanders also objects to the magistrate's determination that he was not entitled to advance written notice of the amended conduct charge.  Sanders provides no support for this contention; he asserts summarily that "[t]he [amended] charge was sufficiently different

from the original charge." (Doc. 18 at 2).  This statement also misses the mark—the standard for whether an inmate must receive advance written notice of an amended conduct charge is whether the factual nature of the alleged prohibited conduct was the same as the original charge.  See Redding v. Holt, No. 06-2254, 2007 U.S. Dist. LEXIS 54308, at 18 (M.D. Pa. July 26, 2007).  Because Sanders has failed to show that the facts supporting the amended conduct charge were in any way different from the original charge, we will overrule this objection.

Last, Sanders objects to the magistrate's conclusion that he was not prejudiced by the delay in proceedings.  Despite making the conclusory statement that he was "unable to present any new evidence based on the passage of time[,]" Sanders has failed to explain what new evidence he could have presented, and why the passage of time made that evidence unavailable.  This objection is overruled.

ACCORDINGLY, this 10th day of August, 2015, upon consideration of the report and recommendation of the magistrate judge (Doc. 17), filed July 20, 2015, and the objections that were filed, it is ordered that:

1. The magistrate judge's report (Doc. 17) is ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. The Clerk of Court shall close this case.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

2